CLIFTON J. WERNER, SPECIAL ADMINISTRATOR, APPELLANT, v. GUY JOHNSON ET AL., APPELLEES.

FILED NOVEMBER 20, 1931. NO. 27957.

*Grant G. Martin, J. A. McGuire* and *Bartos, Bartos & Placek,* for appellant.

*Chambers & Holland* and *C. Russell Mattson, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

This action was commenced in the district court for Lancaster county by Clifton J. Werner, as special administrator of the estate of Lucinda O. Drummond, deceased, to recover damages for certain injuries alleged to have been sustained by the decedent in a collision between two automobiles on a highway, on or about August 4, 1929, when the automobile in which the decedent was riding, and which was then being driven by her husband, collided with an automobile being driven by Mrs. Eva Hedglin, but then owned by the defendant firm of Johnson & Strom, dealers in automobiles. The action was dismissed as to Mrs. Hedglin, and the court directed a verdict in favor of the defendants Johnson and Strom. The administrator has appealed.

The record discloses that at the time in question here Mrs. Hedglin was a prospective purchaser of an automobile, but nothing more than this appears in her dealings with the firm. On the day in question, an agent for the defendant firm turned the car over to Mrs. Hedglin merely for trial and, subsequently, while she was driving on the highway, but unaccompanied by, an agent or representative of the firm, the accident herein occurred. It appears that two days thereafter, namely, on August 6, 1929, the decedent, in the presence of her husband, signed a statement absolving the defendant firm and Mrs. Hedglin from any liability in the premises and at the same time she accepted $96 from the defendants as satisfaction for any claims that might arise from the accident.

The plaintiff contends that the relationship of master and servant existed between the defendant firm and Mrs. Hedglin at the time of the accident and that the firm is therefore liable for any negligence of Mrs. Hedglin. Upon an examination of the record and the law applicable thereto, however, we conclude that the evidence does not sustain the contention of the plaintiff. Mrs. Hedglin was driving the car, not as an agent of the defendant company, but as a prospective purchaser. The essential elements existing in the relationship between master and servant that go to constitute liability on the part of the defendant firm here are lacking in the facts before us. The trial court did not err in directing a verdict for the defendants.

The judgment is right and is

AFFIRMED.